UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LISAMARIE A. BRASSFIELD, :
:
    Plaintiff : No. 4:11-CV-00847
:
vs. : (Judge Nealon)
:
MICHAEL J. ASTRUE, :
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant :

MEMORANDUM

FILED
SCRANTON
DEC 0 6 2012
PER _____
DEPUTY CLERK

**BACKGROUND**

    The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Lisamarie A. Brassfield's claim for social security disability insurance benefits and supplemental security income benefits.

    On December 19, 2007, Brassfield protectively filed[1] an application for disability insurance benefits and an application for supplemental security income benefits. Tr. 16, 56, 100-113, 115 and 123.[2] On June 18, 2008, the Bureau of Disability

---

1. Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits. A protective filing date allows an individual to have an earlier application date than the date the application is actually signed.

2. References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on August 4, 2011.

Determination[3] denied Brassfield's applications. Tr. 59-67. On August 14, 2008, Brassfield requested a hearing before an administrative law judge. Tr. 16 and 68-69. After about 15 months had passed, a hearing was held on November 6, 2009. Tr. 16 and 24-47. On January 4, 2010, the administrative law judge issued a decision denying Brassfield's applications. Tr. 16-26. On March 17, 2010, Brassfield requested that the Appeals Council review the administrative law judge's decision. Tr. 9-12. After 11 months had elapsed, the Appeals Council on February 18, 2011, concluded that there was no basis upon which to grant Brassfield's request for review. Tr. 4-8. Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

Brassfield then filed a complaint in this court on May 4, 2011. Supporting and opposing briefs were submitted and the appeal[4] became ripe for disposition on January 6, 2012, when Brassfield elected not to file a reply brief.

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being

---

3. The Bureau of Disability Determination is an agency of the state which initially evaluates applications for disability insurance benefits and supplemental security income benefits on behalf of the Social Security Administration. Tr. 59 and 63.

4. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

insured is commonly referred to as the "date last insured." It is undisputed that Brassfield met the insured status requirements of the Social Security Act through September 30, 2007. Tr. 16, 18, 115 and 123.

Supplemental security income is a federal income supplement program funded by general tax revenues (not social security taxes). It is designed to help aged, blind or other disabled individuals who have little or no income.

Brassfield, who was born in the United States on November 5, 1982,[5] graduated from high school in 2000 and can read, write, speak and understand the English language and perform basic mathematical functions. Tr. 33, 126, 131 and 136. During her elementary and secondary schooling, Brassfield attended regular education classes. Tr. 131.

Brassfield has a limited work and earnings history. Her past relevant work experience[6] is as a stock person at a pharmacy, described by a vocational expert as unskilled, light to medium

---

5. At the time of the administrative hearing and the administrative law judge's decision, Brassfield was 27 years of age and considered a "younger individual" whose age would not seriously impact her ability to adjust to other work. 20 C.F.R. §§ 404.1563(c) and 416.963(c). The Social Security regulations state that "[t]he term younger individual is used to denote an individual 18 through 49." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201(h)(1).

6. Past relevant employment in the present case means work performed by Brassfield during the 15 years prior to the date her claim for disability was adjudicated by the Commissioner. 20 C.F.R. §§ 404.1560 and 404.1565.

work; an administrative assistant at an automobile dealership, described as semiskilled, sedentary work; and as a mailroom assistant for a newspaper, described as unskilled to semi-skilled, light work.[7] Tr. 45.

---

7. The terms sedentary, light, medium and heavy work are defined in the regulations of the Social Security Administration as follows:

> (a) *Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) *Light work*. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) *Medium work*. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can do sedentary and light work.
>
> (d) *Heavy work*. Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she

(continued...)

4

Records of the Social Security Administration reveal that Brassfield had reported earnings in the years 1999 through 2005. Tr. 116. Brassfield's total earnings during those years were $35,154.91. Id. Her annual earnings ranged from a low of $240.99 in 1999 to a high of $12,557.33 in 2004. Id. Brassfield has not worked since April 1, 2005, the date she claims she became disabled because of posttraumatic stress disorder, bipolar disorder and anxiety disorder. Tr. 34, 56, 59, 63 and 127; Doc. 22, Plaintiff's Brief, p. 1. Brassfield contends that she has mood swings, she is "short tempered," she has a "hard time getting out of the house or even out of bed," and she does not "like to be around a lot of people." Tr. 34 and 127. Brassfield does not claim that she is disabled as the result of a physical impairment. Tr. 34.

The record reveals that Brassfield had a "very troubling childhood" including being subjected to physical and sexual abuse. Tr. 20-21. The record, however, further reveals that Brassfield only alleges disability commencing after age 22; she received treatment (medications) for her psychiatric problems from her primary care physicians, John Maylock, M.D., and Joseph Cama, M.D.; treatment notes of the primary care physicians do not reveal any mental status findings or complaints of psychological problems (Tr.

---

7. (...continued)
    can also do medium, light, and sedentary work.

20 C.F.R. §§ 404.1567 and 416.967.

188-201, 204-205, 251-255 and 326-328); during the relevant time period Brassfield cared for an infant son and spent time with her boyfriend; she was able to care for her personal needs, handle her finances, shop, prepare, meals, and perform household chores; and Brassfield enjoyed reading, writing, watching television, listening to music, doing crossword puzzles and playing board games. Tr. 27-43 and 133-140. Although one of Brassfield's primary care physicians, Dr. Maylock, opined in a conclusory fashion that she was permanently disabled, a state agency physician indicated that she had the mental ability to engage in competitive work on a sustained basis. Tr. 184-185 and 244.

For the reasons set forth below, the Court will remand the case to the Commissioner for further proceedings.

**STANDARD OF REVIEW AND SEQUENTIAL EVALUATION PROCESS**

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence. Counsel for the parties are familiar with the five-step sequential evaluation process that the Commissioner utilizes and the substantial evidence standard of review.[8]

---

8. Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360
(continued...)

**DISCUSSION**

The administrative law judge, at step one of the sequential evaluation process, found that Brassfield has not engaged in substantial gainful work activity since April 1, 2005, the alleged disability onset date. Tr. 18.

At step two of the sequential evaluation process, the administrative law judge found that Brassfield has the following

---

8. (...continued)
(3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).
    Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).
    The Commissioner utilizes a five-step process in evaluating disability insurance benefits claims. See 20 C.F.R. § 404.1520; Poulos, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id.

severe impairments: "posttraumatic stress disorder, bipolar disorder [and] anxiety disorder[.]" Tr. 19. The administrative law judge stated these impairments were severe because they had "more than a de minimis effect on the claimant's ability to perform basic work activities." Id.

At step three of the sequential evaluation process, the administrative law judge found that Brassfield's impairments did not individually or in combination meet or equal a listed impairment. Tr. 19-20. However, as part of the step three analysis, the administrative law judge found that Brassfield had moderate difficulties with respect to concentration, persistence and pace. Tr. 19.

At step four of the sequential evaluation process, the administrative law judge found that Brassfield could not perform her prior relevant work as a stock person, administrative assistant and mailroom assistant but that she had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to occupations requiring the performance of simple, repetitive tasks with no contact from the general public, and only occasional contact with co-workers and supervisors. The occupation must involve simple judgment and decision making." Tr. 20.

Based on the above residual functional capacity and the testimony of a vocational expert, the administrative law judge found that Brassfield could perform work as a bench type assembler,

packager, and inspector, and that there were a significant number of such jobs in the regional, state and national economies. Tr. 25. In questioning the vocational expert, the administrative law judge did not include in the hypothetical a moderate limitation in Brassfield's concentration, persistence or pace. Tr. 46.

The administrative record in this case is 523 pages in length and this Court has thoroughly reviewed that record. Brassfield argues that the administrative law judge erred when he failed to (1) properly consider and evaluate the medical evidence, (2) fulfill his affirmative duty to assist the claimant in development of the record, and (3) present a hypothetical question to the vocational expert which identified all of Brassfield's limitations. Although the Court is not persuaded by the first two arguments, the third argument has substantial merit. The Court will only address the third argument because it is the basis for remanding the case to the Commissioner for further proceedings.

As stated above, at step three of the sequential evaluation process the administrative law judge found that Brassfield had moderate difficulty with concentration, persistence and pace. In so finding, the administrative law judge rejected the opinion of a state agency physician who only found that Brassfield had mild difficulty with concentration, persistence and pace. Tr. 23 and 239. However, when presenting a hypothetical question to the vocational expert, the administrative law judge did not include a moderate limitation in concentration, persistence and pace.

The Court of Appeals for the Third has held that if an administrative law judge poses a hypothetical question to a vocational expert that fails to reflect all of the applicant's impairments that are supported by the record, the vocational expert's opinion cannot be considered substantial evidence. Ramirez v. Barnhart, 373 F.3d 546, 552-553 (3d Cir. 2004); see also Corona v. Barnhart, 431 F.Supp. 2d 506, 516 (E.D. Pa. 2006)("the ALJ's determination that Plaintiff suffers mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration is not properly reflected in her hypothetical question to the VE."); Warfle v. Astrue, Civil No. 10-1255, slip op. at 20 (M.D. Pa. May 5, 2011)(Muir, J.)("It is incumbent on the administrative law judge to include in a hypothetical question all the limitations that are supported by the records."); Little v. Astrue, Civil No. 10-1626, slip op. at 18-19 (M.D. Pa. September 14, 2011)(Kosik, J.)(same).

Although the administrative law judge limited Brassfield to unskilled work, this does not adequately reflect a limitation in concentration, persistence or pace. Id.[9] There are clearly many unskilled jobs that require an employee to maintain concentration, persistence and pace. There is no evidence in the

---

9. See also O'Connor-Spinner v. Astrue, 627 F.3d 614, 620 (7th Cir. 2010)("[T]he ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity.").

10

record from a vocational expert that a moderate limitation in those areas would not impact Brassfield's ability to maintain employment as a bench type assembler, packager and inspector. Those positions appear to be the type requiring a fast or consistent production pace. The Court can only speculate as to what the erosion in the number of jobs available would have been if a moderate limitation in concentration, persistence or pace would have been included in the hypothetical question.[10]

The Court's review of the administrative record reveals that the decision of the Commissioner is not supported by substantial evidence. Therefore, pursuant to 42 U.S.C. § 405(g), the Court will vacate the decision of the Commissioner and remand the case to the Commissioner for further proceedings.

An appropriate order will be entered.

United States District Judge

Dated: December 6, 2012

---

10. It is also important to mention that at step five of the sequential evaluation process the burden is on the Commissioner to produce evidence demonstrating that other work exists in significant numbers in the national economy that the applicant can perform. 20 C.F.R. §§ 416.912 and 416.960(c).